IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN A. RANDALL, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  06-4431 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE[1], | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                December 20, 2007

### I.   INTRODUCTION

Kathleen Randall ("Plaintiff") seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and

1383(c) of the final decision of Michael J. Astrue, Commissioner of the Social Security

Administration ("Commissioner"), denying her claim for Disability Insurance Benefits (DIB) under

Title II of the Social Security Act ("the Act").  Plaintiff filed a Request for Review with this court

seeking reversal of the decision of the Administrative Law Judge (ALJ) and an award of disability

benefits.  Defendant filed a Response to the Request for Review arguing that substantial evidence

supports the Commissioner's decision that Plaintiff retains the residual functional capacity (RFC)

for light work and is able to perform her past relevant work as a data entry clerk.

For the reasons set forth below, Plaintiff's Request is granted in part, and denied in part.  The

_____

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.
Pursuant to Fed. R. Civ. P. 25(d)(1), he should be substituted for former Commissioner Jo Anne
B. Barnhart as the defendant in this matter.

matter is remanded to the Commissioner for further proceedings consistent with this Memorandum
and the related Order.

## II.   PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on October 15, 2004 alleging disability
with an onset date of July 1, 2004, due to degenerative disc disease, pain in both legs, sciatic
involvement, and numbness in her leg.[2]  (R. 39, 66, 99, 123.)  Plaintiff, represented by Adrienne
Freya Jarvis, Esquire, appeared and testified at an administrative hearing before an Administrative
Law Judge (ALJ) on June 6, 2005.  (R. 28-68.)  Graham Mitchell, Plaintiff's fiancé with whom she
lives, also testified.  (R. 367-376.)

On August 15, 2006, the ALJ issued an adverse ruling, finding that Plaintiff is not disabled
and retains the capacity to perform light, unskilled work, including her past relevant work.  (R. 15-
19.)  Plaintiff submitted a request for review by the Appeals Council on August 23, 2005.  On
August 3, 2006, the Appeals Council denied the request for review.  Plaintiff filed her complaint in
district court on October 3, 2006.

## III.   DISCUSSION

A.  Standard of Review

The role of this court upon judicial review is to determine whether substantial evidence in
the administrative record supports the Commissioner's final decision.  See Stunkard v. Sec'y of

---

[2] Citations to the administrative record will be indicated by "R." followed by the page
number.

Health & Human Serv., 841 F.2d 57, 59 (3d Cir. 1988).  The United States Supreme Court has

defined substantial evidence as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations

omitted).  It is more than a mere scintilla of evidence but may be less than a preponderance.  See

Stunkard, 841 F.2d at 59.  This court's review is not de novo, and the evidence of record will not be

weighed a second time.  See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986),

cert. denied, 482 U.S. 905 (1987).


B.  Burden of Proof in Disability Proceedings

In order to be found "disabled" under the Act, a plaintiff must carry the initial burden of

demonstrating that she is unable to engage in "any substantial gainful activity by reason of any

medically determinable physical or mental impairment . . . which has lasted or can be expected to

last for a continuous period of not less than twelve months."  20 C.F.R. § 416.905(a).

The Social Security Administration (SSA) has promulgated regulations establishing a five-

step sequential evaluation for determining whether a claimant is disabled.  Plummer v. Apfel, 186

F.3d 422, 428 (3d Cir. 1999).  At step one, the Commissioner must determine whether a claimant

is engaged in "substantial gainful activity."  20 C.F.R. § 416.920(b); Plummer, 186 F.3d at 428.  If

a claimant is, then she is not disabled.  Id.  At step two, the Commissioner must determine whether

claimant suffers from a "severe" impairment or combination of impairments.  20 C.F.R. §

416.920(c).  If not, the claimant is determined not to be disabled.  Id.  At step three, the

Commissioner must determine whether the claimant's severe medical impairment(s) meet or equal

the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §

416.920(d).  If so, the claimant is disabled.  Id.  If the claimant's impairment(s) do not meet a listed

condition, the Commissioner proceeds to step four to determine whether a claimant retains the

residual functional capacity (RFC) to perform her past relevant work.  20 C.F.R. § 416.920(e)-(f).

If the claimaint retains such capacity, she is not disabled.  If not, the Commissioner proceeds to step

five.  At this final step, the burden of production shifts to the Commissioner to demonstrate that there

are jobs existing in significant numbers in the national economy that the claimant can perform,

"consistent with her medical impairments, age, education, past work experience and residual

functional capacity."  Plummer, 186 F.3d at 428; 20 C.F.R. § 416.920(e), (g).


C.      The ALJ's Decision

        1.      *The ALJ's sequential evaluation of Plaintiff's claim.*

        In the ALJ's written decision, he analyzed Plaintiff's claim in accordance with the sequential

evaluation described above.  At the second step, the ALJ determined that Plaintiff suffered from the

following impairments, which he found to be severe in combination: degenerative disc disease,

residuals of L5-S1 microdiscectomy, central disc herniation at C6-7, and spondylosis at C5-6 and

C6-7.  At the third step, however, the ALJ found that Plaintiff's impairments did not meet the criteria

found in the Listing of Impairments to Appendix 1, Subpart P, Regulations No. 4 (20 C.F.R.

404.1520(d) (commonly referred to as "the Listings").  The ALJ concluded his analysis at the fourth

step and determined that Plaintiff had a residual functional capacity (RFC) for light work and the

ability to continue her past relevant work as a data entry clerk, categorized as semiskilled, sedentary

work. (R. 18.)  Having made that determination, the ALJ concluded that Plaintiff was not disabled.

2.      *The ALJ failed to consider all of the medical and non-medical evidence of record and his decision remains unreviewable by this court as a result.*

Plaintiff argues that the ALJ rejected the majority of the medical evidence of record and that as a result, the ALJ lacked a rational basis to determine the existence and severity of Plaintiff's impairments and her residual functional capacity.  Upon examination of the record, the court concludes that the ALJ failed to consider all of the medical and non-medical evidence of record and that as a result, his decision is unreviewable by this court and requires remand.

In determining a claimant's RFC, an ALJ is obligated to consider all of the evidence before him.  Burnett v. Comm'r of Social Security,  220 F.3d 112, 121 (3d Cir. 2000) (citing Plummer, 186 F.3d at 429).  Further, an ALJ must give "some indication of the evidence which he rejects and his reason(s) for discounting such evidence."  Burnett, 220 F.3d at 121 (citing Plummer, 186 F.3d at 429; Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981), r'hrg. denied, 650 F.2d 481 (3d Cir. 1981)).  Without such explanations, this court, upon review, "cannot tell if significant probative evidence was not credited or simply ignored."  Cotter, 642 F.2d at 705.

In Burnett v. Comm'r of Social Security, the ALJ failed to mention and explain contradictory objective medical evidence.  220 F.3d at 122.  The Third Circuit found that the "failure to mention and explain this contradictory medical evidence was error" and remanded the matter to the Commissioner, with the direction that the "ALJ must review all of the pertinent medical evidence, explaining his conciliations and rejections."  Id.

Similarly, the ALJ in this matter failed to mention or refute some of the contradictory medical evidence that was before him at the time of the administrative hearing.  The ALJ cited to less than half of the medical records exhibits in the administrative record, including Exhibit 2F (R. 99-107),

Exhibit 7F (R. 135-145), Exhibit 11F (R. 185-190), Exhibit 14F (R. 236-241), Exhibit 17F (R. 257-262), and Exhibit 19F (R. 267-270). Within the medical evidence not discussed or cited to by the ALJ is evidence that is potentially contradictory to the ALJ's final RFC determination. On January 28, 2004, Nasrat Ghattas, M.D., noted that "The patient ambulates with unsteady gait and wide base with decreased stance phase on the right side. The patient however uses a straight cane and she is more steady using an assistive device. The patient was unable to toe walk or heel walk and was unsteady with tandem walking." (R. 229.) Further, an initial evaluation report from Cleaver Physical Therapy Associates noted on October 22, 2004 that "Plaintiff does ambulate with the SP cane. She has a slight limp during the stance phase of the gait on the left." (R. 191.) The ALJ should have considered the medical evidence concerning Plaintiff's use of an assistive device, limp and unsteady gait in light of the ALJ's determination that Plaintiff could perform light work and therefore has the ability to "stand and/or walk (with normal breaks) for 6 hours in an 8 hour work day." The court has no way of knowing if the ALJ considered Dr. Ghattas' observations and the physical therapy progress notes, or simply ignored them; this lack of explicit consideration of potentially contradictory medical evidence undermines this court's ability to review the ALJ's decision. On remand, the ALJ is directed to consider all of the medical evidence relating to all of Plaintiff's alleged physical impairments.

Next, the ALJ failed to mention the Psychiatric Review Technique report, completed in November, 2004.[3] (R. 242-255.) In this report, the reviewer indicates that Plaintiff suffers from affective and anxiety-related disorders, with mild functional limitations in restriction of activities of daily living, difficulties in maintaining social functioning and difficulties in maintaining

---

[3] The name of the reviewer is illegible to the court.

concentration, persistence or pace.  (R. 242, 252.)  The ALJ's failure to consider this evidence is a

legal error, as such evidence is in potential conflict with the ALJ's findings as to the existence and

severity of Plaintiff's impairments as well as the determination of Plaintiff's RFC.  While the

reviewer does opine that Plaintiff's psychiatric impairments are not severe, such an opinion does not

relieve an ALJ of his obligation to consider all of the relevant medical evidence presented.  A

determination of whether a claimant's impairments, individually and in combination, are severe is

not a conclusion that may be simply adopted from a psychiatric reviewer, but is a legal conclusion

that must be reached by an ALJ after considering all relevant medical evidence.  Nowhere does the

ALJ even mention that Plaintiff has been diagnosed with psychiatric conditions.  The ALJ's failure

to discuss the psychiatric medical evidence places this court in a position that, in order to conduct

its review, it would have to engage in speculation to determine whether the ALJ considered the

psychiatric medical evidence.[4]  Upon remand, there must be an analysis of whether Plaintiff's

psychiatric impairments, individually or in combination with her other impairments, are severe and

how these impairments, if their existence is credited, impacts her RFC.

Finally, the ALJ's credibility assessment of Plaintiff suffers from the ALJ's apparent failure

to consider the administrative hearing testimony of Plaintiff's fiancé.  As with medical evidence, an

ALJ must consider all non-medical evidence that is presented to him.  Burnett, 220 F.3d 122 (citing

Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983); Cotter, 642 F.2d at 707).  An ALJ is

expected to address the testimony of non-medical witnesses, particularly when such testimony

---

[4] The court observes that the notes of Dr. Ghattas from November 3, 2004 include
statements that Plaintiff suffered from anxiety and depression.  (R. 196.)  As part of Exhibit 13F,
these medical records also went unmentioned by the ALJ, and the role they played in the ALJ's
determination of Plaintiff's RFC is unknown.

supports the Plaintiff's claims.  Burnett, 220 F.3d at 122; see also Van Horn, 717 F.2d at 873.

At the administrative hearing, Plaintiff testified that she suffers from constant back pain and pressure, making it difficult to sit or stand for long periods of time.  She estimated her ability to sit without interruption at twenty minutes.  (R. 350.)  Plaintiff testified that she has difficulty walking and relies on a cane, even around the house.  (R. 351.)  She has trouble with stairs and tries to stay on the ground level of her home.  (R. 354-55.)  Plaintiff has a wheelchair for traveling long distances, such as three blocks.  (R. 354.)  She also testified that she takes several medications, to treat pain as well as to help her sleep.  (R. 359-60.)  In her benefits application, she reported that she is unable to sit or stand more than 20 minutes, and that she cannot walk for more than 15 minutes.  (R. 17, 66.)

In his decision, the ALJ stated that "the medical record does not support the alleged severity of the [Plaintiff's] limitations" and concluded that Plaintiff's "statements are not fully credible, to the extent that her statements allege a level of disabling symptoms which exceed what the objective evidence and clinical findings could reasonably be expected to produce."  (R. 17.)  The ALJ, however, failed to mention the testimony of Plaintiff's fiancé, Graham Mitchell.  Mr. Mitchell's testimony was generally corroborative of Plaintiff's, including her use of a cane, her inability to sit or stand for extended periods of time, her involuntary leg movements and her difficulty using stairs. (R. 371-375.)

The failure of the ALJ to even mention, much less give thoughtful consideration to, Mr. Mitchell's testimony is an error that requires remand.  The ALJ made a determination of the credibility of Plaintiff's testimony without considering supporting witness testimony.  This court finds, as did the Third Circuit in Burnett and Van Horn, that the matter must be remanded so that the ALJ can address the testimony of Mr. Mitchell.

The Commissioner is correct in his assertion that in reviewing the denial of benefits, the role of this court is not to decide whether it would have reached a different decision had it been in the position of the ALJ.  See <u>Monsour</u>, 806 F.2d at 1190-91.  In order to determine whether substantial evidence supports the ALJ's decision, however, this court must have the opportunity to conduct a <u>meaningful review</u> of an ALJ's decision.  The ALJ's failure to consider relevant medical and nonmedical evidence has deprived this court of that opportunity.

## IV.   CONCLUSION

Having found that remand is appropriate for the foregoing reasons, the court declines to address the remainder of the arguments made by the parties.  The matter must be remanded to the Commissioner, and an appropriate order follows.